**FILED**
**Nov 21, 2018**
**01:00 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Landon Johnson ) | Docket No.   2017-08-0367 |
| ) | |
| v.                                    ) | State File No. 94100-2016 |
| ) | |
| Loomis Armored, et al.                ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers'     ) | |
| Compensation Claims                   ) | |
| Amber E. Luttrell, Judge              ) | |

---

### Vacated and Remanded—Filed November 21, 2018

---

The employee, a guard and driver for an armored truck company, alleged injuries to his neck and back as a result of his employment.  The employer initially provided workers' compensation benefits but, upon receiving an opinion from the authorized physician that the injuries were not related to the employment, it denied the claim.  Following an expedited hearing, the trial court denied benefits based on a finding the employee was not likely to prevail at trial.  Subsequently, the employer filed a motion for summary judgment.  The trial court denied the motion on the basis the employee had not completed medical treatment and the parties were not subject to deadlines in a scheduling order.  The employer has appealed.  We vacate the trial court's order and remand the case for the trial court to address the merits of the employer's motion.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

R. Dale Thomas, Jackson, Tennessee, for the employer-appellant, Loomis Armored

Landon Johnson, Memphis, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

Landon Johnson ("Employee") worked for Loomis Armored ("Employer") as a guard and driver for its armored trucks.  He transported coins to and from banks in the Memphis area, which required him to load and unload the trucks with pallets of packaged coins.  Employee had various injuries prior to the one involved in this case that he believed were related to his work for Employer, including surgery on his back in 2015.

1

As pertinent to this appeal, Employee alleges that on December 5, 2016, he injured his neck and back as he was loading a truck.

Employer initially provided workers' compensation benefits, including medical treatment with Dr. Fereidoon Parsioon. After comparing MRI results from before and after the 2016 work incident, Dr. Parsioon opined that, except for changes related to Employee's 2015 surgery, there were no anatomical changes in his back. Thus, Dr. Parsioon believed Employee's current complaints did not arise primarily out of the December 2016 incident. Upon receiving this opinion, Employer denied the claim.

Employee requested an expedited hearing at which Employer submitted medical records predating the 2016 injury, including records from three weeks before the alleged injury, documenting complaints virtually identical to those he reported after the incident involved here. The trial court denied benefits, concluding Employee had not presented sufficient evidence to establish he would likely prevail at trial in proving he suffered an injury at work on December 5, 2016. That order was not appealed.

Thereafter, on June 14, 2018, Employer filed a motion for summary judgment, asserting it had negated an essential element of Employee's claim, i.e., causation. Employee filed a narrative response to Employer's motion in the form of a letter, but did not file a response to Employer's statement of undisputed facts as required by Rule 56 of the Tennessee Rules of Civil Procedure. The trial court denied Employer's motion because Employee had not completed his medical treatment and because the parties were not subject to a scheduling order. The court did not address the merits of the motion. Employer has appealed.

## Standard of Review

The grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *McBee v. CSX Transp., Inc.*, No. W2015-01253-COA-R3-CV, 2017 Tenn. App. LEXIS 129, at *14 (Tenn. Ct. App. Feb. 24, 2017). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250.

## Analysis

### A.

The primary issue on appeal is whether the trial court erred in denying Employer's motion for summary judgment. Employer asserts that it satisfied the requirements of Rule 56 of the Tennessee Rules of Civil Procedure and that Employee did not respond to

the motion as required by that rule.  In addition, Employer argues that, because Employee did not request a continuance or additional time to obtain medical proof, it was error for the trial court not to address the merits of its motion.  According to Employer, the trial court ignored the standard in Rule 56 for evaluating a motion for summary judgment and, instead, adopted two new requirements, i.e., an employee must have completed his or her medical treatment and the parties must have been subject to deadlines to obtain medical proof.  We agree with Employer that it was error for the trial court not to address the merits of Employer's motion.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Tenn. R. Civ. P. 56.04.  In evaluating a trial court's decision to deny a motion for summary judgment, we consider the evidence in a light most favorable to the nonmoving party. *Arnold v. Courtyard Mgmt. Corp.*, No. 2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648, at *7 (Tenn. Workers' Comp. Panel Sept. 28, 2016).

When a party who does not bear the burden of proof at trial files a motion for summary judgment, it must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of its claim.  Tenn. Code Ann. § 20-16-101 (2018); *see also Rye*, 477 S.W.3d at 264.  If the moving party is successful in meeting this burden, the nonmoving party "may not rest upon the mere allegations or denials of its pleading."  *Rye*, 477 S.W.3d at 265.  Rather, the nonmoving party must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial.  Tenn. R. Civ. P. 56.06; *see also Rye*, 477 S.W.3d at 265.  If the nonmoving party fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party."  Tenn. R. Civ. P. 56.06.

In addition to these requirements, Rule 56.03 provides specific filing requirements for both the moving party and the nonmoving party.  The moving party must file a statement of undisputed material facts with its motion, ensuring that each fact is accompanied by a citation to the record.  Tenn. R. Civ. P. 56.03.  Likewise, the nonmoving party is instructed to respond to this statement of undisputed facts, indicating it agrees the fact is undisputed or demonstrating that the fact is disputed by providing a citation to the record.  *Id.*  These requirements "are not mere suggestions.  The use of the words 'must' and 'shall' in Rule 56.03 to describe the necessary elements of a motion for summary judgment and any response thereto are plain and unambiguous."  *Thomas v. Zipp Express*, No. 2015-06-0546, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 15, 2017).

3

Applying these principles to this case, we first note that, as Employer correctly points out, Employee neither responded to the motion for summary judgment in the manner required by Rule 56.06 nor requested additional time to obtain medical proof as contemplated by Rule 56.07. However, these deficiencies are not determinative of this appeal, as the trial court did not render a decision based on Employee's response, or lack thereof, to the motion. Rather, the court found the motion was, essentially, not ripe for adjudication, a finding with which we cannot agree based on the circumstances presented.

Specifically, the trial court concluded it would be "unjust" to rule on the merits of the motion because Employee had not completed his medical treatment and was not subject to deadlines in a scheduling order. As support, the trial court cited *Foriest v. United Parcel Service, Inc.*, No. 2017-06-0413, 2018 TN Wrk. Comp. App. Bd. LEXIS 39 (Tenn. Workers' Comp. App. Bd. Aug. 10, 2018), which observed that "whether an injured worker is entitled to benefits depends on a variety of factors including, but not limited to, medical evidence. Such evidence cannot be complete when the injured worker is still in the midst of pursuing a course of medical treatment." *Id.* at *7. That case, however, involved a bifurcated trial at which the trial court was being asked to render a final decision on the compensability of the claim before the issue was ripe for adjudication. *Id.* at *8. Such is not the case here. While the grant of a motion for summary judgment would amount to a final decision, it is not one based on the merits of the entirety of the parties' proof as with a trial. Rather, the court must determine whether there are genuine issues of material fact in dispute making a trial necessary at all, a distinctly different task from ruling on the ultimate merits of a claim.

Moreover, we are unaware of any authority, and none has been cited to us, that would restrict motions for summary judgment to the time after an employee has completed medical treatment and after discovery or medical proof has been completed pursuant to a scheduling order. To the contrary, Rule 56.02 expressly recognizes that "a party against whom a claim . . . is asserted" may "*at any time*, move . . . for a summary judgment in the party's favor as to all or any part thereof." (Emphasis added.)

In addition, the regulations governing expedited hearings explicitly contemplate that, if the trial court declines to award benefits based on a finding the employee is not likely to prevail at a hearing on the merits, the employer may file a motion for summary judgment at that time. Tenn. Comp. R. & Regs. 0800-02-21-.14(3) (2018).[1] Thus, neither the language of Rule 56 nor the regulation permitting employers to request summary judgment after prevailing at an expedited hearing supports a refusal to address the merits of such a motion until after medical treatment has run its course and

---

[1] Tenn. Comp. R. & Regs. 0800-02-21-.14(3) states: "[i]f, as a result of the expedited hearing, the claim is denied on the grounds of compensability, . . . [and] [i]f the denial on the grounds of compensability is affirmed by the appeals board or if no appeal is taken, the employer may file a motion for summary judgment . . . that meets the requirements of Rule 56 of the Tennessee Rules of Civil Procedure."

4

scheduling order deadlines have passed. To the contrary, such an approach would be inconsistent with Rule 56 and the regulations.

Further, requiring parties to wait until a case is, basically, ready for trial before a motion for summary judgment can be heard is inconsistent with the purpose of summary judgment. As explained by the Tennessee Supreme Court, summary judgment is designed to provide "a rapid and inexpensive means of resolving issues and cases about which there is no genuine issue regarding material facts." *Rye*, 477 S.W.3d at 261.

However, we note that Rule 56 provides a mechanism to guard against premature grants of summary judgment. Specifically, when the nonmoving party shows it "cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Tenn. R. Civ. P. 56.07. The purpose of this provision is to allow the parties a reasonable opportunity to proffer evidence in support of or in opposition to a motion for summary judgment. *Denton v. Taylor*, No. E2015-01726-COA-R3-CV, 2016 Tenn. App. LEXIS 521, at *15 (Tenn. Ct. App. July 25, 2016). If the circumstances are such that the nonmoving party needs more time to fairly oppose the motion, it is that party's responsibility to state the reasons for a continuance. *Id.* at *13 ("Both the language of Rule 56.07, and the appellate opinions construing it, state that an affidavit must be filed in support of a request for more time."). Here, Employee could have made such a request, and the trial court could have considered a continuance. However, no such request was made, and the record is devoid of any explanation as to why, if at all, Employee was unable to obtain and present the material needed to properly oppose the motion. Had such a reason existed, it was up to Employee to present it. *Id.*

**B.**

We also address Employer's argument that the circumstances of this case suggest the trial court abandoned its proper role as an unbiased decision maker and essentially became an advocate for one side. According to Employer, the trial court provided what amounts to improper legal assistance to Employee when it declined to rule on the merits of the motion for summary judgment until Employee had completed his medical treatment and the parties had become subject to deadlines in a scheduling order. Employer asserts this action by the trial court effectively placed the court in the role of Employee's advocate, a role which the court cannot assume.

While it is true the trial court did not address the merits of the motion and denied it even though Employee had not requested more time as contemplated by Rule 56.07, we are not persuaded that these circumstances suggest the trial court abrogated its role as a neutral decision maker. Rather, the court considered the circumstances under which the motion for summary judgment was made and rendered a decision that the case was not in

5

an appropriate posture to rule on the merits of the motion. The mere fact that a judge renders an adverse ruling, even if the ruling was erroneous, is not sufficient, without more, to justify a finding that the judge improperly abandoned his or her role as a neutral factfinder. *See State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008); *Washington v. UPS Ground Freight, Inc.*, No. 2017-08-1205, 2018 TN Wrk. Comp. App. Bd. LEXIS 41, at *12-13 (Tenn. Workers' Comp. App. Bd. Aug. 2, 2018). Thus, we see no merit in this issue.

## Conclusion

For the foregoing reasons, we hold that the trial court erred in failing to rule on the merits of Employer's motion for summary judgment. Accordingly, the court's order denying the motion is vacated, and the case is remanded for the trial court to rule on the merits of the motion.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Landon Johnson | ) Docket No. 2017-08-0367 |
| | ) |
| v. | ) State File No. 94100-2016 |
| | ) |
| Loomis Armored, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Amber E. Luttrell, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of November, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Landon Johnson | | X | | | X | landon.johnson@ymail.com<br>4041 Barron Ave<br>Memphis, TN 38111 |
| Dale Thomas | | | | | X | dthomas@raineykizer.com |
| Amber E. Luttrell, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov